549 A.2d 749

**Margaret TAYLOR, Ind. etc.**

v.

**MAYOR AND CITY COUNCIL OF BALTIMORE et al.**

No. 93, Sept. Term, 1987.

Court of Appeals of Maryland.

Nov. 7, 1988.

Bernard J. Sevel (Marc K. Sloane, on brief), Baltimore, for appellant.

J. Warren Eberhardt, Chief Sol. (Benjamin L. Brown, City Sol. and William R. Phelan, Jr., Asst. City Sol., on brief), Baltimore, for appellee.

Argued before ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ., and MARVIN H. SMITH, Associate Judge of the Court of Appeals of Maryland (retired), Specially Assigned.

BLACKWELL, Judge.

The issue here is whether a police car driven without the use of its siren is "an emergency vehicle" under Maryland Code (1977, 1987 Repl.Vol.), Transportation Article, § 11–118(1). We hold that it is.

We therefore conclude that a police officer who drives a law enforcement vehicle during an emergency without using its siren is immune from liability for simple negligence under Md.Code (1977, 1987 Repl.Vol.), Transportation Art., § 19–103.

## I.

While driving to the scene of an emergency on October 9, 1985, in response to a call that a fellow officer was "down" or needed assistance, Police Officer Brian David Schwab (Schwab) struck Jackson H. Taylor (Taylor). Taylor, who had been participating in a labor demonstration in the area, died later that day. At the time of the accident, the patrol car's lights had been flashing, though the parties contest whether the siren was on.

Taylor's widow sued both Schwab and the City of Baltimore (City) for negligence. The officer moved for summary judgment on the ground of immunity.[1] The City moved to dismiss the claim to the extent the amount exceeded the statutory limits of section 19–103. The court granted Schwab's motion[2] and certified the judgment as final under

---

1. The motion to dismiss became a motion for summary judgment when the judge considered affidavits in making his ruling. Md. Rule 2–322(c). On summary judgment, all inferences are taken in favor of the non-moving party. Thus the trial court assumed, without deciding, that Schwab had not used his siren.

2. The trial judge did not rule on the City's motion.

Md. Rule 2–602. We review the case on certiorari to the Court of Special Appeals, prior to that court's ruling on the matter.

## II.

Under the Transportation Art., § 19–103(b)(1),

[a]n operator of an emergency vehicle, who is authorized to operate the emergency vehicle by its owner or lessee, is immune from suit in his individual capacity for any damages resulting from a negligent act or omission while operating the emergency vehicle in the performance of emergency service as defined in subsection (a) of this section.

Thus a driver's immunity is predicated on 1) the performance of "emergency service" and 2) the use of an "emergency vehicle." Schwab's performance of emergency service is not disputed; whether the vehicle is an emergency vehicle is disputed.

Mrs. Taylor contends that the police car could not be "an emergency vehicle" under the statute unless the siren was operating. Because the use of the siren is a disputed issue of material fact, she claims that summary judgment was inappropriate and should have been denied. Schwab argues that the police car was an emergency vehicle regardless of the use of the siren; because the siren's use was not a material fact, he argues that summary judgment could be and was appropriately rendered.

## III.

An emergency vehicle "means any of the following vehicles that are designated by the Administration as entitled to the exemptions and privileges set forth in the Maryland Vehicle Law for emergency vehicles: (1) Vehicles of federal, State, or local law enforcement agencies; ...." Md. Code (1977, 1987 Repl.Vol.), Transportation Art.,

§ 11–118(1); [3] *see id.* at § 19–103(2) (using this definition of emergency vehicle for purposes of immunity). Police vehicles are "entitled to" special driving privileges [4] when responding to an emergency, Md.Code (1977, 1987 Repl. Vol.), Transportation Art., § 21–106(a)(1), and using audible signals. *Id.* at § 21–106(c). However, a police vehicle equipped with a siren is still *"designated by the Administration* as entitled to" these privileges regardless of whether or not the siren is ever used. As we have previously noted,

> the failure to sound the audible signal merely strips the authorized vehicle of its privilege to proceed without regard to speed limitations, right of way provisions, traffic control devices and other rules of the road.... [F]ailure to sound the audible bell, siren or exhaust whistle does not make driving an authorized emergency vehicle on a highway illegal, it merely results in a requirement that such vehicle be operated in accordance with all appropriate rules of the road, the same as any private or conventional vehicle.

*Sullivan v. Costanza,* 258 Md. 672, 675, 267 A.2d 87, 89–90 (1970). [5]

Officer Schwab's vehicle was that of a designated law enforcement agency and was equipped with the required

---

**3.** In addition, an emergency vehicle must be equipped with a device capable of giving an audible signal. Md. Code (1977, 1987 Repl.Vol.), Transportation Art., § 22–218(a).

**4.** These privileges include the ability to:
    (1) Park or stand without regard to the other provisions of this title;
    (2) Pass a red or stop signal, a stop sign, or a yield sign, but only after slowing down as necessary for safety;
    (3) Exceed any maximum speed limit, but only so long as the driver does not endanger life or property; and
    (4) Disregard any traffic control device or regulation governing direction of movement or turning in a specified direction.
Md.Code (1977, 1987 Repl.Vol.), Transportation Art., § 21–106(b).

**5.** In *Sullivan,* this Court found that operating an emergency vehicle without an audible signal is not contributory negligence per se.

signal devices. The operator of the vehicle could have achieved the privileges listed in section 21–106(b). But regardless of whether those privileges were obtained through the use of a siren, the car was still an "emergency vehicle" under the statute.[6] Because Schwab was driving an emergency vehicle during an emergency, he was immune from simple negligence suits under section 19–103.

JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY AFFIRMED. COSTS TO BE PAID BY APPELLANT TAYLOR.

---

**6.** Such an interpretation is consonant with the statute's history. As amended in 1970, the definition of emergency vehicle included the following: "[List of vehicles]. Only the foregoing described emergency vehicles which are designated or authorized by the Commissioner shall be entitled to the exemptions and privileges granted elsewhere in this article." Md. Code (1957, Repl.Vol.1970), Art. 66½, § 1–103. This provision makes it clear that designation is the only requirement for the listed vehicles to achieve the privilege of emergency vehicle status.

In 1977, the statute was amended as follows: " 'Emergency vehicle' means any of the following vehicles that are designated by the Administration as entitled to the exemptions and privileges set forth in the Maryland Vehicle Law for emergency vehicles: [list of vehicles]." Md. Code (1957, 1977 Repl.Vol.), Transportation Art., § 11–118. The revisor's note indicates that this change was purely stylistic. Act of March 8, 1976, ch. 14, 1977 Md. Laws 610, 611. Thus the legislature did not intend to create a new requirement that a vehicle must achieve privileges in order to become an emergency vehicle. Rather a vehicle is entitled to achieve privileges *because* it is an emergency vehicle.